## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**CHARLES SMITH and JORDAN
BIDDLE, on behalf of themselves
and all others similarly situated,**

      **Plaintiffs,**

**v.**                           **CASE NO.:  5:14-cv-00139-RS-GRJ**

**WASHINGTON   COUNTY   KENNEL
CLUB,   INCORPORATED,   a   Florida
Profit   Corporation,   d/b/a   EBRO
GREYHOUND   PARK   &   POKER
ROOM,   and   STOCKTON   HESS,   an
individual,**

      **Defendants.**

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED AS COLLECTIVE ACTION AGAINST DEFENDANTS

Defendants, **WASHINGTON COUNTY KENNEL CLUB, INCORPORATED** and

**STOCKTON HESS** ("Defendants"), by and through the undersigned counsel, hereby

respond in opposition to the Plaintiffs' Motion to Proceed as Collective Action [Doc. 13]

as follows:

## INTRODUCTION AND BACKGROUND

1.      This is an action brought by Plaintiffs pursuant to the Fair Labor Standards

Act, ("FLSA"), 29 U.S.C. §216(b) et seq. in which Plaintiffs (former and current poker

dealers) allege that the Defendants improperly claimed a "tip credit" and illegally paid

Plaintiffs below the statutorily required minimum wage under the FLSA.

2.      Defendants vehemently deny such allegations and assert that all such

former and current poker dealers, including Plaintiffs, were properly paid for all time

worked in compliance with the FLSA, and Florida minimum wage laws.

3.     This case is brought by 2 individually named Plaintiffs, and those Plaintiffs have only been able to identify two additional poker dealers who desire to opt-in to the litigation.  Though the reasons for permitting actions to proceed collectively are judicial economy and to conserve resources, Plaintiffs' motion is nothing more than a thinly veiled attempt by Plaintiffs' counsel to stir up litigation and muster up additional plaintiffs.  Such a purpose is clearly prohibited by case law.

4.     Defendants oppose and object to Plaintiffs' Motion to Proceed as a Collective Action as the putative class is far too small to warrant Court supervised notice. Further, Plaintiffs have failed to demonstrate sufficient other interest in joining this action, and thus Plaintiffs' Motion to Proceed as a Collective Action fails as a matter of law and must be denied.

5.     However, to the extent the Court is inclined to grant conditional certification and approve the Plaintiffs' proposed notice, WCKC objects to the notice as framed as it improperly defines the class, is unreasonable in terms of temporal scope and does not present an unbiased description of the lawsuit.  WCKC respectfully requests that if notice is approved, the parties should then be ordered to jointly prepare a mutually agreeable notice that properly defines the class, is reasonably limited in temporal scope, as well as one that presents an unbiased description of the lawsuit.

## ARGUMENT AND MEMORANDUM OF LAW

The FLSA allows an individual to assert claims on behalf of himself and others similarly situated.  See 29 U.S.C. §216(b).  In Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001), the Eleventh Circuit recommended a two-tiered

procedure that district courts should use in certifying collective actions under Section 216(b) of the FLSA.

The first determination is made at the "notice stage" when the district court makes a decision, typically based on the pleadings and any affidavits which have been submitted, whether notice of the action should be given to potential class members. Id. at 1218. If the district court conditionally certifies the action, putative members are given notice and a chance to opt-in. Id.

The action then proceeds as a collective action through discovery and a second determination regarding the appropriateness of class certification is made after a motion for decertification is filed. Id. At that time, a district court must determine if the plaintiffs are "similarly situated." Id. If so the action proceeds as a representative action. Id. If not, the district court decertifies the collective class, and the opt-in plaintiffs are dismissed, without prejudice. Id. The case then proceeds on the individual claim of the original plaintiff. Id.

Plaintiffs do not have the unqualified right to send notice to potential class members in every collective action case under the FLSA. See 29 U.S.C. §216(b); Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 173-74 (1989). Notice is appropriate only if the Plaintiffs demonstrate that all members of the class are "similarly situated. See generally Id. District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to [Section] 216(b) of the FLSA cases. See generally Haynes v. Singer Co., 696 F.2d 884, 885-86 (11th Cir. 1983). "[T]he power to authorize must, however, be exercised with discretion and only in appropriate cases. Id. at 886; See also Grayson v. K-Mart Corp., 79 F.3d

1086, 1097 (11th Cir. 1996) (recognizing that the burden of meeting the similarly-situated requirement rests squarely with plaintiff at all times). Plaintiffs must show that their positions are similar to the positions held by the putative class members. District courts have inherent authority to refuse to proceed collectively where it would waste judicial resources or unfairly prejudice the party opposing the proposed class. More specifically, Eleventh Circuit precedent provides this Court absolute discretionary power to deny Plaintiffs' request to send notice to potential class members. Hipp at 1219.

Although a plaintiff's burden "is not heavy, it is not invisible." Brooks v. A. Rainaldi Plumbing, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006). When determining whether a plaintiff has satisfied his burden, a "court [must remain] mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation." Songer v. Dillon Resources, Inc., 569 F. Supp. 2d 703, 706-07 (N.D. Tex. 2008). Employers should not be subjected to "frivolous fishing expedition[s] conducted by the plaintiff at the employer's expense…." Id.

## PLAINTIFFS HAVE FAILED TO DEMONSTRATE SUFFICIENT OTHER INTEREST IN JOINING THIS ACTION

Before a court can authorize an individual plaintiff to provide notice, the court should first "satisfy itself that there are other employees of defendant-employer who desire to 'opt-in'." Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003); See also Cartner v. Hewitt Assocs., LLC, No. 6:09-cv-1293-Orl-31DAB, 2010 WL 1380037, at *2 (M.D. Fla. Mar. 31, 2010); Bosch v. Title Max, No. CIVA03-AR-0463-s, 2004 WL 5238128, at *2 (N.D. Ala. Aug. 25, 2004) (citing Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991)); Barten v. KTK & Assocs., Inc., No. 8:06-cv-1574-T-27EAJ, 2007 WL 2176203, at *2 (M.D. Fla. July 26,

4

2007). Thus, the plaintiff "has the burden of demonstrating a reasonable basis for crediting the assertion that aggrieved individuals exist in the class [he] proposes." Id.

To satisfy the reasonable basis test, a plaintiff must present more than unsupported assertions that the FLSA violations are widespread and that additional plaintiff-employees exist. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008).  For example, a reasonable basis existed to believe other employees desired to opt-in where the plaintiff-employees cited 21 named plaintiffs joined through numerous amendments to the complaint, and an additional three individuals who served pre-suit notice with the intention of joining the suit. They also submitted affidavits of three employees, which indicated they were separately aware of 50 other similarly situated employees who were not paid overtime. Bennett v. Hayes Robertson Group, Inc., 11-10105-CIV, 2012 WL 2994246, at *1283 (S.D. Fla. 2012).

In this case, Plaintiffs have only identified two WCKC employees (James Horn and Matthew Johns) who desire to opt-in to this action.  Thus, the total number of potential opt-ins Plaintiffs identify for purposes of establishing that the case is appropriate for class certification is **two**.  On that ground alone, Plaintiffs' motion to proceed as a collective action must fail.  In support of their motion, Plaintiffs provide four affidavits: one from each Plaintiff, and two others from the only two employees who have expressed any interest in joining the suit, James Horn and Matthew Johns.  These affidavits fail to satisfy Plaintiffs' burden of establishing the case is appropriate to proceed as a collective action.

When the proposed class is very small, such as in this case, courts have found that court-supervised notice and class treatment is inappropriate.  See Latortue v. Fast Payday Loans, Inc., 2:09CV-171-FTM-29DNF, 2010 WL 557712, at *3 (M.D. Fla. Feb. 11, 2010) (concluding that, despite the addition of five plaintiffs to this lawsuit, there were "not enough potential opt-in plaintiffs to grant conditional certification"); Sanders v. Drainfield Doctor, Inc., 6:06CV1216ORL28JGG, 2007 WL 1362723, at *3 (M.D. Fla. May 7, 2007) (concluding that a putative class of twelve employees was not large enough to warrant class treatment); Sandate v. Makotek, LLC, 6:06CV601ORL31DAB, 2006 WL 4792782, at **2, 4 (M.D. Fla. Sept. 28, 2006) (finding that the two-tiered approach in Hipp should be used only when the putative class is numerous and otherwise permissive joinder should be used); White v. Kcpar, Inc., 605CV1317ORL22DAB, 2006 WL 1722348, at **2, 3 (M.D. Fla. June 20, 2006).

At most, the putative class consists of the 2 named plaintiffs, and two opt-ins. This proposed class is simply too small to warrant class treatment; it would be far more efficient to have any interested individuals join in this action under Rule 20.  The purpose of proceeding with a collective action and providing court-supervised notice would not be served in this case.  See Sala v. St. Petersburg Kennel Club, Inc., 8:09CV1304T17TBM, 2010 WL 746703, at *3 (M.D. Fla. Mar. 2, 2010) (observing that the purpose of a collective action under the FLSA is to "prevent other dockets from being clogged with multiple cases" and to efficiently use the time and money of all parties); Kessler v. Lifesafer Serv. Providers, LLC, 6:06CV1442ORL19JGG, 2007 WL 1531395, at *3 (M.D. Fla. May 25, 2007) (finding that "Congress's purpose in authorizing collective actions under the FLSA was to avoid multiple lawsuits where

'numerous employees' have allegedly been harmed by the same violation"); <u>Sanders</u> at *3 (indicating that the two-tiered approach was adopted by the Eleventh Circuit in <u>Hipp</u> to assist the district courts in managing complex FLSA cases); <u>Davis v. Charoen Pokphand (USA), Inc.</u>, 303 F. Supp. 2d 1272, 1275 (M.D. Ala. 2004) (recognizing that court-supervised notice "prevents the proliferation of multiple individual suits arising from the same allegedly illegal activity"). Plaintiffs have failed to establish sufficient other interest in joining the action and thus have failed to establish a reasonable basis for crediting the assertion that other aggrieved individuals exist, and therefore Plaintiffs' motion should be denied. <u>Id.</u> at 1277; <u>See also</u> <u>White</u> at *4; <u>Sandate</u> at *4; <u>Bosch</u> at *3 (Where there is a lack of evidence to support a finding that other employees are interested in opting into the litigation, a court has 'no choice but to deny the Plaintiff's motion for conditional certification'); <u>Latortue</u> at *3; <u>Ulysse v. Divosta Blvd. Corp.</u>, No. 06-80338-CIV-RYSKAMP/VITUNAC, 2006 WL 3618449, at *1 (S.D. Fla. Dec. 11, 2006). Indeed, the use of the collective action procedure in this case would serve only to increase the cost of this litigation and create a more inefficient procedure.  For these reasons alone, the Court should deny the Plaintiffs' motion.

## <u>CERTIFICATION OF A COLLECTIVE ACTION AND NOTICE TO A POTENTIAL CLASS IS NOT APPROPRIATE TO DETERMINE WHETHER THERE ARE OTHERS WHO DESIRE TO JOIN THE LAWSUIT</u>

Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. <u>See</u> <u>Mackenzie v. Kindred Hosps. East, L.L.C.</u>, 276 F.Supp.2d 1211, 1220 (M.D.Fla.2003); <u>Sanders v. Drainfield Doctor, Inc.</u>, 6:06CV1216ORL28JGG, 2007 WL 1362723, at *3 (M.D. Fla. 2007).

Any argument Plaintiff advances that notice of this lawsuit must be provided to potential opt-ins in order to determine whether there are others who desire to join this case is improper.  This same argument was properly rejected in <u>Santielices v. Cable Wiring, Inc.</u>, 98-7489CIV, 1999 WL 1007807, at *1 (S.D. Fla. Sept. 28, 1999) <u>adhered to sub nom.</u> <u>Santelices v. Cable Wiring</u>, 147 F. Supp. 2d 1313 (S.D. Fla. 2001), based on the Eleventh Circuit's holding that a showing that others desire to opt-in must be made **before** notice is authorized.  <u>See</u> <u>Dybach</u> at 1567–68 (Court must determine whether there are others who may desire to opt-in prior to authorizing notice); <u>Vondriska v. Premier Mortg. Funding, Inc.</u>, 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) (a showing that others desire to opt-in is required before certification and notice will be authorized by the court); <u>Mackenzie v. Kindred Hospitals E., L.L.C.</u>, 276 F. Supp. 2d 1211, 1220-21 (M.D. Fla. 2003); <u>Santielices v. Cable Wiring, Inc.</u>, 6 Wage & Hour Cas. 2d (BNA) 1852, 1852 (S.D. Fla. 1999) <u>adhered to sub nom.</u> <u>Santelices v. Cable Wiring</u>, 147 F. Supp. 2d 1313 (S.D. Fla. 2001).

Despite the fact that Plaintiffs have simply not been able to convince any former or current employee of WCKC other than Mr. Horn and Mr. Johns to file a consent to join or affidavit in support of this motion, Plaintiffs cannot now use court-supervised notice to try to "stir up" litigation and find out whether there are other individuals who desire to join this action.  <u>See</u> <u>White</u> at *3; <u>Rappaport v. Embarq Mgmt. Co.</u>, No. 6:07-cv-468-Orl-19DAB, 2007 WL 4482581, at *5 (M.D. Fla. Dec. 18, 2007) (denying the plaintiff's motion for conditional certification and finding that "[c]ourt-authorized notice in this case would function as little more than a fishing expedition"); <u>Sanders</u> at *3; <u>Barten</u> at *2. In short, the Plaintiffs have failed to show that more than two individuals have

8

expressed a desire to opt into this lawsuit. Therefore, it is inappropriate for the court to facilitate notice of this lawsuit.

### ARBITRATION AGREEMENTS PRECLUDE
### 53 POTENTIAL OPT-INS FROM JOINING THE SUIT

In stark contrast to the two affidavits of potential opt-ins provided by the Plaintiffs in support of their motion, Defendants file herewith 53 (fifty three) fully executed arbitration agreements of former and current employees that preclude the ability to opt-in to the putative class. (See *Exhibit 1* – Arbitration Agreements of 53 current and former WCKC employees). Each of the employees identified in the arbitration agreements are precluded as a matter of law from opting into this litigation.  Instead, each of the employees who have executed an arbitration agreement, in the event they choose to initiate litigation, have agreed to mandatory binding arbitration of any claim brought pursuant to the Fair Labor Standards Act, as well as other types of claims. Given the few potential opt-ins, the futility of the Plaintiffs' notice motion becomes even more apparent.

### IN THE UNLIKELY EVENT THAT THE COURT GRANTS PLAINTIFFS' MOTION,
### PARTIES SHOULD BE DIRECTED TO PREPARE
### A MUTUALLY AGREEABLE NOTICE

In the unlikely event that the Court grants Plaintiffs' motion, the parties should be ordered to jointly prepare a mutually agreeable notice that properly defines the class, is reasonably limited in temporal scope, and presents an unbiased description of the lawsuit.

Plaintiffs' proposed notice is improper on a number of grounds:

1.     **Plaintiffs' notice fails to accurately define the putative class**.

The notice requested by the Plaintiffs defines the putative class as "All poker dealers employed by Washington County Kennel Club, Inc. d/b/a Ebro Greyhound Park & Poker Room and Stockton Hess within the past three years, for whom Washington County Kennel Club, Inc. d/b/a Ebro Greyhound Park & Poker Room and Stockton Hess claimed a tip-credit, and who may have been required to disburse a portion of their tips to **non-tipped** employees of Washington County Kennel Club, Inc. d/b/a Ebro Greyhound Park & Poker Room and Stockton Hess." (emphasis added).

To state that the poker dealers were required to disburse a portion of their tips to "non-tipped" employees states a legal conclusion, and is the very core disputed issue in this lawsuit.  Defendants vehemently deny that any of the tips from the tip pool were disbursed to "non-tipped" employees.   Instead, Defendants maintain that every employee who participated in the tip pool was a tipped employee.  Therefore, accepting Plaintiffs' language that the poker dealers had to disburse tips to "non-tipped" employees when it is the Defendants' position that all employees who participated in the tip pool were "tipped" employees would be effectively deciding the ultimate legal issue in this matter.

Furthermore, the definition of the class proposed by the Plaintiffs does not limit this matter to individuals employed within the applicable statute of limitations, and is thus, unlimited and unreasonable in terms of its temporal scope.  While the standard statute of limitations under the FLSA is two years, 29 U.S.C. §255(a), Plaintiffs define the class period as three years.  A three-year statute of limitations is applicable only in the case of a "willful violation" of the FLSA. Id.  Where, as here, Plaintiffs have only asserted a conclusory allegation of willfulness in the Complaint, absent any facts to

substantiate the same, a three-year statute of limitations is unwarranted and the notice should be limited to a two year period.  Cohen v. Allied Steel Bldgs., Inc., 554 F. Supp. 2d 1331, 1334-35 (S.D. Fla. 2008) (citing McLaughlin v. Richland Shoes Co., 486 U.S. 128, 133-34 (1988).

If the notice is authorized by the Court, the class should be defined as:  "All poker dealers employed by the Defendant at Washington County Kennel Club from June 4, 2012 through present, for whom the Defendant claimed a tip credit, and who were required to contribute a portion of their tips to a tip pool."

Defendants would further request that any and all references made where the notice states that the poker dealers were "required to disburse a portion of tips to non-tipped employees of the Defendant" be stricken from the notice, as such language represents one of the core contested issue in the lawsuit.

## 2.    The description of the lawsuit in the notice should be neutral.

The description of the lawsuit in a notice should be neutral and as understandable to a layperson as possible.  See Tafarella v. Hollywood Greyhound Track, Inc. 2007 WL 2254553, at *4 (S.D. Fla. 2007) (Collective action notice must "set forth the description of the lawsuit in a neutral, accessible, and informative way.") Plaintiffs' notice improperly and prejudicially misstates the Defendants' position in this litigation.

The proposed notice, as drafted, is one-sided and fails to provide a full and adequate description of WCKC's defenses.   If notice is provided over WCKC's objection, in the interest of fairness, such notice should include language describing all of WCKC's defenses to the allegations in the complaint. Plaintiffs' notice also fails to

provide the contact information for defense counsel, although it provides multiple phone numbers, addresses and e-mail addresses for Plaintiffs' counsel.

### 3. The "Consent to Join Lawsuit" should contain a deadline for returning the consent to join

The proposed notice is silent as to when opt-ins should execute and return the consent.  With discovery deadlines and a trial date approaching, Defendants object to an open-ended period of time within which potential opt-ins may elect to join in the lawsuit.  Defendants would propose that the opt-ins should have no more than thirty (30) days from receiving the notice to return the executed and completed consent form.

### 4. Any reference to "Retaliation" should be omitted from the notice.

Plaintiffs' proposed notice includes a section entitled "No Retaliation Permitted." There has been no allegation of retaliation in this case, and the very suggestion is highly prejudicial to Defendants and inappropriate.  Alternatively, if such language is permitted to remain in the notice, Defendants would request that language also be included in the notice to advise and warn Plaintiffs and potential opt-in that the bullying, harassment, intimidation of co-workers or other employees who elect NOT to participate in the lawsuit violates WCKC's polices and may be grounds for termination.

**WHEREFORE**, Defendants, **WASHINGTON COUNTY KENNEL CLUB, INCORPORATED** and **STOCKTON HESS** respectfully request this Court deny Plaintiffs' Motion to Proceed as Collective Action against Defendants, or in the alternative, order the parties to jointly prepare a mutually agreeable notice that properly defines the class, is reasonably limited in temporal scope, and presents an unbiased description of the lawsuit.

Dated this 3rd day of September, 2014.

Respectfully submitted,


/s/ Lisa A. Barclay
**LISA BARCLAY**
Florida Bar Number: 0948802
lbarclay@sniffenlaw.com
**ROBERT J. SNIFFEN**
Florida Bar No. 0000795
rsniffen@sniffenlaw.com


**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendants, Washington County
Kennel Club, Inc. and Stockton Hess,
individually*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing in the United States District Court, Northern District of Florida using the CM/ECF system which will send notification of such filing to all persons registered for this case, including Plaintiff's counsel, on this 3rd day of September, 2013.


/s/ Lisa A. Barclay
**LISA A. BARCLAY**