IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES SMITH and JORDAN
BIDDLE, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.        CASE NO. 5:14-cv-139-RS-CJK

WASHINGTON COUNTY KENNEL
CLUB, INCORPORATED, a Florida
Profit Corporation d/b/a EBRO
GREYHOUND PARK & POKER
ROOM, and STOCKTON HESS,
an individual,

    Defendants.
_____/

## ORDER

Before me are Plaintiff's Motion to Proceed as Collective Action against Defendants (Doc. 13) and Defendants' Response in Opposition (Doc. 14).

Plaintiffs are poker dealers at Defendants' casino. They have filed suit alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by taking improper "tip-credits" and paying Plaintiffs less than minimum wage. (Doc. 1, p. 2). They seek class certification pursuant to 29 U.S.C. § 216(b) to identify and give notice to other employees who might have similar grievances.

Plaintiffs may bring suit on behalf of themselves and other similarly situated employees to recover for FLSA violations. 29 U.S.C. § 216(b). Unlike typical class under Fed. R. Civ. P. 23, these actions are "opt-in" and judgment is only binding on members who consent to join the class. *Id.* The purpose of allowing certification is to avoid multiple lawsuits where numerous employees have allegedly been harmed by FLSA violations by a particular employer. *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003). The decision to create an opt-in class is soundly within the discretion of the district court. Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

District courts should use a two-tier certification system to decide whether to create an opt-in class and facilitate notice. *Id* at 1218-1219. At the first stage, the "notice stage," the court should decide using a "fairly lenient standard" whether the class should be conditionally certified and notice should be given to other potential class members. *Id.* An employee need only show that he is suing his employer for himself and others similarly situated; the positions need only be similar, not identical. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Still, there must be more than unsupported assertions that FLSA violations are widespread and that additional plaintiffs will surface. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008).

At this point, Plaintiff has only identified five additional members who wish to opt in to this litigation. (*See* Docs. 13, 16, 18). Defendants have provided evidence that at least 53 of its employees are precluded from opting in to the class because of signed arbitration agreements. (*See* Doc. 14-1). Although there appears to be little binding precedent providing guidelines for numerosity in a FLSA opt-in certification, other district courts have declined to certify classes when there appear to be few potential plaintiffs. *See, e.g.*, Latortue v. Fast Payday Loans, Inc., 2:09CV-171-FTM-29DNF, 2010 WL 557712 (M.D. Fla. Feb. 11, 2010) (finding that adding five opt-in plaintiffs was not sufficient to certify class); Rappaport v. Embarq Mgmt. Co., 607CV468ORL19DAB, 2007 WL 4482581 (M.D. Fla. Dec. 18, 2007) (finding six opt-in affidavits insufficient to certify class); Sanders v. Drainfield Doctor, Inc., 6:06CV1216ORL28JGG, 2007 WL 1362723 (M.D. Fla. May 7, 2007) (finding class of twelve employees not large enough to justify class treatment).

Plaintiffs have provided no evidence that additional plaintiffs are likely to surface in any meaningful number if this court grants certification. Rather, they appear to admit that without certification they do not know how many employees might be affected by Defendants' tipping practices and how many might choose to opt-in to their action. (*See* Doc. 13 p.10). At this point, certification appears to be a means to a fishing expedition to search for additional plaintiffs. Although I

recognize that "district courts have the discretion, *in appropriate cases*, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs," *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 486, 107 L. Ed. 2d 480 (1989) (emphasis added), certification is not the appropriate means to discover other plaintiffs to join the lawsuit. See *Sanders*, 2007 WL 1362723 at *3 (citing *Mackenzie v. Kindred Hosps. East, L.L.C.,* 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003)). *See also* 1 McLaughlin on Class Actions § 2:16 (10th ed.) (noting that courts should permit discovery about potential plaintiffs "[i]f plaintiff is able to show the existence of employees who are likely to assert similar claims.").

It would not be in the interests of justice to utilize judicial resources to search for a class with so little evidence of its existence, and when the existing class is so small (at most seven individuals). The class will not be certified at this stage in this litigation. Plaintiffs may refile a motion for certification if they discover reason to believe that notification would unearth a sufficiently large number of opt-ins to justify the use of resources that certification requires.

Plaintiff's Motion to Proceed as Collective Action against Defendants (Doc. 13) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** on September 16, 2014.

<u>/S/ Richard Smoak</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
